IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| CALVIN R. LUCKEY, and wife, PEGGY G. LUCKEY; JACKSON J. SMITH, and wife, CAROLYN S. SMITH; HAZEL MULLIS, individually and as Executrix of the Estate of Jerry R. Mullis, Deceased; and ROGER D. SMITH, and wife, MARGIE P. SMITH, <br><br> Plaintiffs, <br><br> Vs. <br><br> D. B. RILEY, INC., <br><br> Defendant. | Civil No. 3:98CV394 |

## O R D E R

**THIS MATTER** is before the Court on the Defendant's response to the Plaintiffs' motion to compel.

On October 24, 2005, the Plaintiffs moved to compel responses to their interrogatories and requests for production. Because the undersigned was out of the country for an extended period of time, the parties were encouraged to resolve the matter amicably by letter sent by the law clerk for the undersigned.

At the pretrial conference held on November 8, 2005, the Court was advised that the parties had made no progress in resolving the matter.

On that same date, the Defendant's response to the motion was filed in Charlotte and only received in Chambers on November 15, 2005. The Defendant's response provides:

> Comes now Riley Stoker . . . and responds to Plaintiffs' Motion to Compel by supplementing [its] discovery responses (sic) seeks an Order from this Court excusing it from providing the requested information and documents.

**Defendant Riley Stoker Corporation's Response to Plaintiffs' Motion to Compel, filed November 8, 2005.**

> Riley Stoker has filed supplemental responses to Plaintiffs' discovery requests. As many of the discovery requests were objectionable, Defendant . . . timely objected to the offensive requests. [Defendant] has also offered their (sic) corporate representative for deposition on November 18, 2005.

**Defendant Riley Stoker Corporation's Brief if Support of Response to Plaintiffs' Motion to Compel, filed November 8, 2005.** That is the end of the brief. There is no signature page for the brief or the response, both of which appear to contain typographical errors.

The "supplemental" answers to the interrogatories contain a lengthy lead-in provision which essentially disclaims any answer provided in the entire

document. Despite the fact that common sense would lead one to expect a corporation to know if its products contained asbestos, the Defendant noted that it "does not concede that its boilers are or were 'asbestos-containing products.'" **Defendant Riley Stoker Corporation's Supplemental Answers and Objections to Plaintiffs' First Set of Interrogatories and Requests to Produce Documents, filed November 8, 2005, at 2.** "Certain Riley Stoker boilers may have had components that contained asbestos-containing thermal insulation products." *Id.* Based on this vague answer, the Defendant subsequently refused to identify any product which it manufactured or produced which contained asbestos. *Id.*, **at 7-8.** Nonetheless, in answer to another interrogatory, the Defendant responded that it "supplied masks or respirators to employees working with asbestos-containing materials when required by OSHA regulations." *Id.*, **at 10.** Why such masks or respirators would have been necessary if the Defendant did not produce or manufacture any asbestos containing products was not explained. In answers to subsequent interrogatories, the Defendant was unable to provide the name and location of the plants at which its boilers were manufactured. *Id.*, **at 25.** When asked if company representatives would be called as witnesses at trial, the Defendant

claimed the answer would disclose information in violation of the attorney/client privilege. *Id.*, **at 36.** When asked if Defendant's products could be used without liberating asbestos fibers into the air, the Defendant responded that it was the manufacturer of boilers and never manufactured asbestos-containing products. *Id.*, **at 38.** This answer contradicts Defendant's earlier answer that "[c]ertain Riley Stoker boilers may have had components that contained asbestos-containing thermal insulation products." When asked if the Defendant ever placed its name on asbestos-containing products, the Defendant was unable to provide an answer. *Id.*, **at 42.** Likewise, it could not respond as to whether it had ever recalled any product which contained asbestos. *Id.*, **at 43.** Nor could the Defendant state whether any industrial hygiene testing was ever performed. *Id.*, **at 44-45.**

The responses to the requests for production were not any more complete. In fact, a comparison of the first set of answers with the "supplemental" answers shows that very little additional information was provided.

The Defendant will be provided one more opportunity to provide complete, reasonable answers to interrogatories and responses to the requests

for production.  This Court does not countenance the types of word games being played by the Defendant.  While the interrogatories could have been more narrowly tailored, each of them is capable of receiving a direct, specific answer.  In the absence of such an answers, sanctions will be imposed.

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' motion to compel is **ALLOWED**, and the Defendant shall respond reasonably and appropriately to the interrogatories and requests for production forthwith.

**Signed: November 16, 2005**

Lacy H. Thornburg
United States District Judge